UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RAYMOND LUKE,<br><br>    Petitioner,<br><br>    v.<br><br>RANDY GROUNDS,<br><br>    Respondent. | Case No. CV 10-6375-GW (MLG)<br><br>ORDER DENYING CERTIFICATE OF APPEALABILITY |

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts requires the district court to issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the petitioner. Because jurists of reason would not find it debatable whether this Court was correct in its ruling denying the petition, a COA is denied.

Before a petitioner may appeal the Court's decision denying his petition, a COA must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). The Court must either issue a COA indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App.P. 22(b).

//

1  The court determines whether to issue or deny a COA pursuant to
2  standards established in *Miller-El v. Cockrell*, 537 U.S. 322 (2003);
3  *Slack v. McDaniel*, 529 U.S. 473 (2000); and 28 U.S.C. § 2253(c). A COA
4  may be issued only where there has been a "substantial showing of the
5  denial of a constitutional right." 28 U.S.C. § 2253 (c)(2); *Miller-El*,
6  537 U.S. at 330. As part of that analysis, the Court must determine
7  whether "reasonable jurists would find the district court's assessment
8  of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at
9  484, *See also Miller-El*, 537 U.S. at 338.
10  In *Silva v. Woodford*, 279 F.3d 825, 832-33 (9th Cir. 2002), the
11  court noted that this amounts to a "modest standard". (Quoting
12  *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000)). Indeed,
13  the standard for granting a COA has been characterized as "relatively
14  low". *Beardlee v. Brown*, 393 F.3d 899, 901 (9th Cir. 2004). A COA
15  should issue when the claims presented are "adequate to deserve
16  encouragement to proceed further." *Slack,* 529 U.S. at 483-84,
17  (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)); *see also*
18  *Silva,* 279 F.3d at 833. If reasonable jurists could "debate" whether
19  the petition could be resolved in a different manner, then the COA
20  should issue. *Miller-El,* 537 U.S. at 330.
21  Under this standard of review, a COA will be denied. In denying
22  this petition for writ of habeas corpus, this Court held that the
23  imposition of a three strikes sentence by the trial court was not the
24  result of counsel's deficient performance nor did it result in an
25  Eighth or Fourteenth Amendment violation. Petitioner cannot make a
26  colorable claim that jurists of reason would find debatable or wrong
27  the decision denying the petition. Thus, Petitioner is not entitled
28  to a COA.

Therefore, pursuant to 28 U.S.C. § 2253, the Court DENIES a certificate of appealability.

Dated: August 11, 2011

George H. Wu
United States District Judge

Presented By:

Marc L. Goldman
United States Magistrate Judge